IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ERIE DIVISION

| | |
|---|---|
| LANSANA MANSARAY, | ) |
| Plaintiff, | ) 1:25-CV-00102-SPB |
| vs. | ) SUSAN PARADISE BAXTER |
| HONORABLE JUDGE MATTHEW T. KIRTLAND, and MELISSA MERCHANT CALVERT, ESQ., | ) United States District Judge |
| Defendants, | ) |

**MEMORANDUM OPINION**

I.  **Plaintiff's Motion for Leave to Proceed *In Forma Pauperis***

Plaintiff Lansana Mansaray has filed a motion seeking leave to proceed *in forma pauperis*, ECF No. 1, along with a proposed *pro se* complaint, ECF No. 2. Based on Plaintiff's averments in the motion, it appears that he is without sufficient funds to pay the filing and administrative fees associated with this case. Accordingly, Plaintiff's motion for leave to proceed *in forma pauperis* will be granted.

II.  **Standard of Review**

When a plaintiff is proceeding *in forma pauperis*, the court must review the complaint for cognizable claims and *sua sponte* dismiss the action or any portion thereof that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B) (requiring dismissal of the case "at any time").[1] In addition, a court may consider the statute of limitations, personal

---

[1] Because Plaintiff is proceeding *pro se*, his allegations, "however inartfully pleaded," must be held "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *see also Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (the "initial assessment of the *in forma pauperis* plaintiff's factual allegations must

1

jurisdiction, and venue *sua sponte* "when the defense is obvious from the face of the complaint and no further factual record is required to be developed." *Trujillo v. Williams*, 465 F.3d 1210, 1217 (10th Cir. 2006) (citation omitted); *Boldrini v. Ammerman*, 629 F. App'x 172, 175 n.3 (3d Cir. 2015) (same); *McPherson v. United States*, 392 F. App'x 938, 943 (3d Cir. 2010) ("when a statute-of-limitations defense is apparent from the face of the complaint, a court may sua sponte dismiss the complaint pursuant to 28 U.S.C. § 1915 or 28 U.S.C. § 1915A").

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Thus, dismissal of a claim as frivolous is proper "where it depends on an indisputably meritless legal theory or a clearly baseless or fantastic or delusional factual scenario." *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) (internal quotations and citation omitted). A complaint is malicious when it "duplicates a pending suit," *Johnson v. City of Philadelphia*, 644 F. App'x 130, 131 (3d Cir. 2016) (citing *Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir. 1993) ("it is 'malicious' for a pauper to file a lawsuit that duplicates allegations of another pending federal lawsuit by the same plaintiff")), or when "the action is an attempt to vex, injure or harass the defendant." *Deutsch v. United States*, 67 F.3d 1080, 1086 (3d Cir. 1995); *see also Lindell v. McCallum*, 352 F.3d 1107, 1109 (7th Cir. 2003) (stating that "malicious" in the context of §§ 1915(e) and 1915A(b) "is more usefully construed as intended to harass"). Whether a complaint fails to state a claim for purposes of § 1915(e)(2)(B) is governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)). Under this familiar standard, a court must determine whether the complaint includes "sufficient factual matter, accepted as true,

---

be weighted in favor of the plaintiff"). But while courts construe *pro se* pleadings liberally, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), "there are limits to [this] procedural flexibility," and the litigant must still allege sufficient facts to support a valid claim. *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citation omitted).

### III. Discussion and Review of Plaintiff's Filings

Plaintiff brings this civil rights action against two defendants: Judge Matthew T. Kirtland, Court of Common Pleas of Venango County, and Melissa Merchant Calvert, Esq., Plaintiff's court-appointed Post-Conviction Relief Act ("PCRA") counsel. ECF No. 2, p. 2. According to his pleading, Plaintiff was arrested on August 23, 2016. *Id.*, p. 3. Plaintiff plead guilty to endangering welfare to children on December 28, 2016,[2] and states he served 150 days in Venango County Jail. *Id.* He explains that upon completing his sentence, he was detained by United States Immigration and Customs Enforcement, and was deported on April 27, 2017. *Id.*

Plaintiff states that at the time of his conviction, "he lacked full knowledge of the constitutional violations surrounding his prosecution." ECF No. 2, p. 3. In November 2024, "after discovering the extent of the due process violations," Plaintiff filed a *pro se* petition under Pennsylvania's PCRA. *Id.* Judge Kirtland appointed Attorney Calvert to represent him, and subsequently granted counsel's motion to withdraw based on her averment that the PCRA action was without merit. *Id.*, pp. 3–4; *see* ECF Nos. 4-2, 4-4, and 4-5. Plaintiff then filed an amended *pro se* petition[3] and a response to the court's notice of intent to dismiss. ECF No. 2, pp. 3–4. On January 17, 2025, the court denied relief and dismissed the petition. *Id.*, p. 4; ECF No. 4-7. Plaintiff states he did not receive the dismissal order until March 20, 2025, impairing his ability to file a timely appeal. ECF No. 2, p. 5.

---

[2] The Court takes judicial notice of the criminal docket sheet for Plaintiff's case in the Court of Common Pleas of Venango County, CP-61-CR-0000594-2016.

[3] Plaintiff raised claims of ineffective assistance of counsel, newly discovered falsified evidence, family separation, prosecutorial misconduct, and conspiracy, and requested that the court vacate his conviction, restore his parental rights, and declare his deportation invalid. *See* ECF No. 4-1.

3

The complaint asserts three counts of constitutional violations: Plaintiff alleges Judge Kirtland deprived him of due process "by dismissing the PCRA petition without meaningful review, withholding the dismissal order, and failing to ensure a complete record was available." ECF No. 2, p. 5. He alleges Attorney Calvert deprived him of effective assistance of counsel "by failing to investigate, advocate, or raise key constitutional issues," and further contends Calvert made "misrepresentations" in the no-merit letter constituting "deliberate misconduct" and violating his rights under the Sixth and Fourteenth Amendments. *Id.*, p. 6. Lastly, Plaintiff alleges "Defendants conspired to deprive [him] of his civil rights by suppressing evidence, obstructing relief, and failing to address the missing trial transcript." *Id.* He contends Defendants' actions denied him "meaningful access to post-conviction relief" and caused "[c]ontinued wrongful separation from his children." *Id.*, p. 7. Plaintiff seeks relief in the form of a declaration that Defendants' actions were unconstitutional, compensatory and punitive damages, and injunctive relief to prevent future violations. *Id.*

A. Frivolous Pleading

Plaintiff's claims fail as a matter of law and are facially frivolous for several reasons.

First, Plaintiff's claims against Judge Kirtland are barred by the doctrine of absolute judicial immunity. "A judicial officer in the performance of his duties has absolute immunity from suit and will not be liable for his judicial acts." *Capogrosso v. Sup. Ct. of N.J.*, 588 F.3d 180, 184 (3d Cir. 2009) (citation omitted). "Such immunity can be overcome only where a judge's acts are nonjudicial in nature, or where such actions, while judicial in nature, are 'taken in the complete absence of all jurisdiction.'" *Van Tassel v. Lawrence Cnty. Domestic Rels. Section*, 659 F. Supp. 2d 672, 696 (W.D. Pa. 2009) (citation omitted), *aff'd*, 390 F. App'x 201 (3d Cir. 2010). Thus, "so long as (1) the judge's actions are taken in his judicial capacity (determined by the nature of the

acts themselves) and (2) the judge has some semblance of jurisdiction over the acts, he will have immunity for them." *Mikhail v. Kahn*, 991 F. Supp. 2d 596, 660 (E.D. Pa.), *aff'd*, 572 F. App'x 68 (3d Cir. 2014).

Plaintiff's allegations concern actions taken by Judge Kirtland while presiding over PCRA proceedings in the Venango County Court of Common Pleas, and each of those actions—such as dismissing a PCRA petition without hearing—is a fundamental judicial act that falls squarely within the jurisdiction of a Pennsylvania Court of Common Pleas judge. *See* 42 Pa. Cons. Stat. § 931(a) ("the courts of common pleas shall have unlimited original jurisdiction of all actions and proceedings, including all actions and proceedings heretofore cognizable by law or usage in the courts of common pleas"); *Figueroa v. Blackburn*, 208 F.3d 435, 443 (3rd Cir. 2000) ("a judicial act . . . is a function normally performed by a judge" in a context where the parties "dealt with the judge in his judicial capacity" (internal quotations and citation omitted)); *Wallace v. Powell*, 2009 WL 4051974, at *7 (M.D. Pa. Nov. 20, 2009) (judicial acts "include issuing orders, resolving cases and controversies, making rulings, and sentencing criminal defendants"). Plaintiff's efforts to argue otherwise are unavailing. He contends Judge Kirtland's actions were "administrative and obstructive, not judicial in nature," and "undertaken without jurisdiction," ECF No. 2, pp. 4, 6, but such assertions have no apparent basis in fact or law and cannot overcome the clear grant of judicial immunity here.[4]

---

[4] To the extent that Plaintiff's claims against Judge Kirtland can be construed as against Venango County or the State, *i.e.*, as claims brought against Judge Kirtland in his official capacity, such claims fail. *See Shallow v. Rogers*, 201 F. App'x 901, 904 (3d Cir. 2006) ("the Court of Common Pleas . . . is not a 'person' subject to suit under 42 U.S.C. § 1983"); *Bueno v. Nigrini*, 2023 WL 11981250, at *5 (M.D. Pa. Oct. 19, 2023) ("a Pennsylvania county government cannot be held liable under *Monell* for the judicial acts of a common pleas judge—a state actor over whom the county has no supervisory control or authority"), *report and recommendation adopted*, 2024 WL 4866691 (M.D. Pa. Feb. 2, 2024); *Callahan v. City of Philadelphia*, 207 F.3d 668, 674 (3d Cir. 2000) ("all components of the judicial branch of the Pennsylvania government are state entities and thus are not persons for section 1983 purposes"); *Gannaway v. Stroumbakis*, 842 F. App'x 725, 729 (3d Cir. 2021) ("Pennsylvania's judicial districts are arms of the state entitled to Eleventh Amendment immunity" (citation omitted)); *Mikhail*, 991 F. Supp. at 666 (dismissing with prejudice § 1983 official capacity claims against state court judges "as barred by Eleventh Amendment sovereign immunity").

Plaintiff's claims against his PCRA counsel are also facially deficient. "[P]ublic defenders and court-appointed counsel acting within the scope of their professional duties are absolutely immune from civil liability under § 1983." *Walker v. Pennsylvania*, 580 F. App'x 75, 78 (3d Cir. 2014) (citation omitted). This is because criminal defense attorneys—whether public defenders, court-appointed, or privately retained—are not state actors for purposes of § 1983. *See Polk County v. Dodson*, 454 U.S. 312, 325 (1981) ("a public defender does not act under color of state law when performing a lawyer's traditional functions"); *Bueno v. Nigrini*, 2023 WL 11981250, at *4 (M.D. Pa. Oct. 19, 2023) (collecting cases), *report and recommendation adopted*, 2024 WL 4866691 (M.D. Pa. Feb. 2, 2024). The "'color of state law element is a threshold issue,' and thus there is no liability if the defendant is not acting under color of state law." *Gannaway v. Stroumbakis*, 842 F. App'x 725, 730 (3d Cir. 2021) (citation omitted). As such, Plaintiff's § 1983 claims against Attorney Calvert must be dismissed as legally frivolous.

Even if the complaint named a proper defendant, Plaintiff's civil rights conspiracy claim would fail. To survive review under Rule 12(b)(6), a complaint alleging a conspiracy claim under 42 U.S.C. § 1983 or § 1985 "must include at least a discernible factual basis" to support the required elements of agreement and concerted action. *Capogrosso*, 588 F.3d at 184; *see Jutrowski v. Township of Riverdale*, 904 F.3d 280, 294 n.15 (3d Cir. 2018); *Lake v. Arnold*, 112 F.3d 682, 685 (3d Cir. 1997). "Specific allegations of an agreement to carry out the alleged chain of events is essential," and a plaintiff "must provide more than mere incantation of the words 'conspiracy' or 'acted in concert.'" *Tarapchak v. Lackawanna County*, 173 F. Supp. 3d 57, 73 (M.D. Pa. 2016) (internal quotations and citation omitted). "A conspiracy cannot be found from allegations of judicial error, ex parte communications (the manner of occurrence and substance of which are not alleged) or adverse rulings absent specific facts demonstrating an agreement to commit the alleged

6

improper actions." *Capogrosso*, 588 F.3d at 185 (citation omitted). Nor does a complaint suffice when it fails to allege "anything beyond the attorneys' exercise of their official functions in representing [the plaintiff]." *Goodin v. Butler, PA CYS*, 2021 WL 5504603, at *8 (W.D. Pa. Nov. 23, 2021) (internal quotations and citation omitted). Here, Plaintiff contends Attorney Calvert's motion to withdraw followed by Judge Kirtland's adverse ruling and the delayed transmission of the dismissal order "demonstrates a shared intent to frustrate Plaintiff's access to justice." ECF No. 2, p. 6. Such conclusory allegation is wholly insufficient to show an inference of conspiratorial conduct.

Finally, the complaint provides no basis to award the declaratory or injunctive relief Plaintiff purports to seek. *See Azubuko v. Royal*, 443 F.3d 302, 304 (3d Cir. 2006) (injunctive relief is not available against "a judicial officer for an act or omission taken in such officer's judicial capacity," absent allegation that "a declaratory decree was violated or declaratory relief [i]s unavailable" (quoting 42 U.S.C. § 1983)); *Naranjo v. City of Philadelphia*, 626 F. App'x 353, 356, n.1 (3d Cir. 2015) (plaintiff was not entitled to injunctive or declaratory relief against PCRA judge and counsel for alleged constitutional violations, absent any showing he would likely suffer such violations in the future). His request for a declaratory judgment also cannot save this action because "even if the defendants violated his rights in the past, he is not entitled to a declaration to that effect." *Naranjo*, 626 F. App'x at 356 n.1; *see Donahue v. Super. Ct. of Pa.*, 2019 WL 913812, at *3 (M.D. Pa. Feb. 25, 2019) ("[d]eclaratory judgment is not meant to adjudicate alleged past unlawful activity").

B. Duplicative Litigation

The Court further finds that Plaintiff's claims are the same or similar to those raised in prior and pending actions. As this Court recently observed, Plaintiff has repeatedly brought claims

in state and federal court relating to his criminal conviction and his subsequent deportation.[5] His new complaint in the instant case involves a fairly common set of facts and is duplicative of these prior and pending matters.

As set forth above, Plaintiff filed a *pro se* PCRA petition in November 2024, and the court appointed Attorney Calvert to represent him. The exhibits attached to his complaint reveal that Attorney Calvert sent to Plaintiff a "no-merit" letter stating she would seek to withdraw and advising Plaintiff he could retain other counsel or proceed *pro se*. ECF No. 4-4.[6] Plaintiff then moved to recuse PCRA counsel and stated he intended to file a complaint for professional misconduct and a civil suit. *See* ECF No. 4-1, p. 8; ECF No. 4-3, p. 1. The court granted counsel's motion to withdraw and issued notice of intent to dismiss the petition without hearing and granted Plaintiff leave to file an amended petition. ECF No. 4-1, pp. 8–11. Plaintiff filed his amended petition on December 30, 2024, arguing the statute of limitations should be tolled based on his deportation and lack of access to legal resources, and further urging that his claims warranted "full judicial review" regardless of counsel's "no merit" letter. ECF No. 4-1, p. 5. The state court dismissed the petition on January 17, 2025, stating Plaintiff "raised no additional issue overcoming the jurisdictional requirements of the PCRA." ECF No. 4-7. Plaintiff subsequently moved the court to re-examine his petition. *See* ECF No. 4-11. The court declined to do so in a March 19, 2025 order and stated any further issues must be raised on appeal to the Pennsylvania Superior Court. *Id.*

---

[5] *See* 1:25-cv-00020-SPB, ECF No. 5, pp. 3–5 (Memorandum Opinion summarizing several of Plaintiff's prior and pending actions).

[6] Counsel opined Plaintiff appeared to be ineligible for PCRA relief because (1) he was not currently serving a sentence of imprisonment or supervision, (2) his petition was untimely, (3) the "falsified" New York driver's license would not toll the limitations period because it was not newly discovered evidence, (4) listing the wrong license information on the criminal complaint was harmless error, (5) the ineffective assistance of counsel issue could potentially have merit, if Plaintiff was otherwise eligible for relief, and (6) issues regarding parental rights and family separation do not fall within the confines of the PCRA. ECF No. 4-4.

On April 2, 2025, Plaintiff submitted to this Court a habeas petition under 28 U.S.C. § 2254, docketed at 1:25-cv-00090-RAL. That petition raises claims of constitutional error relating to Plaintiff's criminal conviction, as well as his deportation and separation from his children. *See id.*, ECF No. 3. Two weeks later, Plaintiff filed the instant case alleging errors in the state PCRA proceedings.

Thus, any claims newly raised in the current complaint arise out of a common nucleus of operative facts that could have been brought in 1:25-cv-00090-RAL. Additionally, Plaintiff could have presented his claims to the Pennsylvania Superior Court, had he appealed the dismissal of his PCRA petition. Accordingly, the Court finds that the instant case is duplicative of these prior and pending actions and therefore subject to dismissal as frivolous or malicious. *See Hall v. Nisbet*, 2025 WL 1482984, at *1 (3d Cir. May 23, 2025) (collecting cases); *Day v. Toner*, 530 F. App'x 118, 121 (3d Cir. 2013) ("a complaint is malicious where it is abusive of the judicial process and merely repeats pending or previously litigated claims"); *Banks v. County of Allegheny*, 568 F. Supp. 2d 579, 589 (W.D. Pa. 2008) ("Repetitious litigation of virtually identical causes of action may be dismissed under § 1915 as frivolous or malicious." (citation omitted)); *Hakim v. Levinson*, 2010 WL 1705773, at *1 n.1 (D.N.J. Apr. 26, 2010) ("Complaints may be dismissed as frivolous when they seek to relitigate claims alleging substantially the same facts arising from a common series of events which were previously dismissed."); *see also Deutsch*, 67 F.3d at 1086 (complaint may be dismissed as malicious where "the action is an attempt to vex, injure or harass the defendant").

IV.   **CONCLUSION**

*Pro se* litigants are to be granted leave to file a curative amended complaint "even when a plaintiff does not seek leave to amend . . . unless an amendment would be inequitable or futile."

*Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004), *abrogated on other grounds by Iqbal*, 556 U.S. at 678; *see also Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 251 (3d Cir. 2007) ("in civil rights cases district courts must offer amendment—irrespective of whether it is requested—when dismissing a case for failure to state a claim unless doing so would be inequitable or futile"). Considering the many deficiencies identified in this opinion, the Court finds that any attempt at amendment would be futile. *See, e.g., Bressi v. Gembic*, 2018 WL 3596859, at *7 (M.D. Pa. July 2, 2018) (recommending dismissal without leave to amend where claims "clearly and universally lack merit and are legally frivolous"); *Naranjo*, 626 F. App'x at 356 (finding district court properly concluded amendment would be futile because defendant judges and court-appointed PCRA counsel were absolutely immune from suit and claims against them were legally flawed). Accordingly, the Court will dismiss this action with prejudice.

    An appropriate Order follows.