IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ERIE DIVISION

| | |
|---|---|
| LANSANA MANSARAY, ) | |
| ) | |
| Plaintiff ) | 1:25-CV-00102-SPB |
| ) | |
| vs. ) | JUDGE SUSAN PARADISE BAXTER |
| ) | UNITED STATES DISTRICT JUDGE |
| HONORABLE JUDGE MATTHEW T. ) | |
| KIRTLAND and MELISSA MERCHANT ) | |
| CALVERT, ESQ., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

Presently pending before the Court is a motion to recuse (ECF No. 11) and a combined motion to alter or amend judgment and for relief from judgment (ECF No. 12) filed by Plaintiff Lansana Mansaray.  For the reasons explained below, both of Plaintiff's motions will be DENIED.

I.    INTRODUCTION

Plaintiff Lansana Mansaray initiated this action by filing a motion for leave to proceed *in forma pauperis* on April 16, 2025.  The complaint was lodged pending resolution of the IFP motion.  Following the Court's order granting the motion, the complaint was formally filed on June 16, 2025, but the Court dismissed the action with prejudice as frivolous.  Plaintiff has filed a motion for recusal of District Judge Susan Paradise Baxter pursuant to 28 U.S.C. §455(a) and (b)(1), ECF No. 11, along with a combined motion to alter or amend judgment under Fed. R.

1

Civ. P. 59(e) and for relief from judgment under Fed. R. Civ. P. 60(b), ECF No. 12. The issue is now ripe for consideration.

II.    Plaintiff's motion for recusal

Under 28 U.S.C. § 455(a), a federal judge must disqualify himself or herself "in any proceeding in which his [or her] impartiality might reasonably be questioned." This objective standard asks "whether a reasonable person, with knowledge of all the facts, would conclude that the judge's impartiality might reasonably be questioned." *In re Kensington Int'l Ltd.*, 353 F.3d 211, 220 (3d Cir. 2003) *citing Edelstein v. Wilentz,* 812 F.2d 128 (3d Cir.1987). The objective standard under § 455(a) focuses on whether a reasonable person would perceive a risk of bias, rather than a party's subjective belief or disagreement with the judge's previous rulings. *In re Kensington Int'l Ltd.*, 353 F.3d 211, 220 (3d Cir. 2003). Under 28 U.S.C. § 455(b)(1), recusal is mandatory where a judge has "a personal bias or prejudice concerning a party." This provision applies only where the alleged bias is personal, extrajudicial, **and** results in an opinion on the merits that is not based on the judge's participation in the case. Judicial rulings alone "almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994).

Plaintiff's motion for recusal is based solely on the fact that the undersigned previously ruled against him in prior matters. The only allegations raised concern the alleged misapplication of judicial immunity, dismissal of claims against appointed counsel, improper dismissal of duplicative actions, and premature dismissal with prejudice—none of which constitute extrajudicial matters and all are based on the judge's participation in the case. It is well established that adverse judicial rulings, without more, do not constitute a valid basis for recusal under 28 U.S.C. §§ 455(a) or 455(b)(1). Where there is no evidence of personal bias or

prejudice arising from extrajudicial sources, recusal is not warranted. *Liteky v. United States*, 510 U.S. 540, 555 (1994); *see also In re Kensington Int'l Ltd.*, 353 F.3d 211, 220 (3d Cir. 2003). For these reasons, Plaintiff's motion for recusal is denied.


III.    <u>Plaintiff's motion for reconsideration</u>

Plaintiff filed a motion for reconsideration. ECF No. 12. In order to prevail on a motion for reconsideration, the movant must show: "1) an intervening change in the controlling law; 2) the availability of new evidence that was not available when the court [made its initial decision]; or 3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café ex. rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) *citing North River Ins. Co. v. CIGNA Reinsurance Co.,* 52 F.3d 1194, 1218 (3d Cir.1995). A Rule 59(e) motion is not an opportunity to relitigate issues already decided. Rather, it is a remedy to be used in limited circumstances "to correct manifest errors of law or fact." *Id. citing Harsco Corp. v. Zlotnicki,* 779 F.2d 906, 909 (3d Cir.1985).

Alternatively, Rule 60(b) permits a court to relieve a party from a final judgment for several enumerated reasons, including: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for new trial under Rule 59(b); (3) fraud, misrepresentation, or misconduct; (4) a void judgment; (5) a judgment that has been satisfied, released, or discharged; or (6) "any other reason that justifies relief." Fed. R. Civ. P. 60(b). Courts exercise their discretion under Rule 60(b) with caution, grating relief only where the challenged ruling reflects a fundamental flaw that would change the outcome of the case. *Max's Seafood Cafe*, 176 F.3d at 678. Where the

motion was filed within 28 days of the entry of judgment, the Court considers the Rule 59(e) standard first, rather than the more stringent Rule 60(b) standard.

Here, Plaintiff's motion for reconsideration, though timely under Rule 59(e), does not identify a change in the law, the availability of new evidence, or the need to correct a clear error. Plaintiff asserts that reconsideration is warranted on the basis of newly discovered evidence, specifically additional correspondence demonstrating requests for the missing order and denial of transcript access in his underlying state court case. However, this material does not constitute new evidence for the purposes of Rule 59(e) because Plaintiff could have obtained this information through reasonable efforts prior to the Court's initial ruling. *See Max's Seafood Cafe*, 176 F.3d at 677. Accordingly, the motion for consideration is denied.

IV.    <u>CONCLUSION</u>

Having found that Plaintiff has failed to demonstrate grounds for recusal under 28 U.S.C. § 455 and to satisfy the standard for reconsideration under Rules 59(e) or 60(b), Plaintiff's Motion for Recusal [ECF No. 11] and Motion for Reconsideration [ECF No. 12] will be DENIED.

An appropriate Order follows.